FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 2 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01547-BNB

THOMAS A. WARNER, and
PAULA E. WARNER,

    Plaintiffs,

v.

NATIONSTAR MORTGAGE, LLC,
CITI MORTGAGE, INC.,
MORTGAGE ELECTRONIC REGS [sic] SYSTEMS (MERS), and
FANNIE MAE, Investors,

    Defendants.

## ORDER OF DISMISSAL

This action was initiated by the Warners' submission of a Complaint and Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, signed by Plaintiff Thomas A. Warner on June 14, 2011. On June 22, 2011, Magistrate Judge Boyd N. Boland ordered Plaintiffs to cure certain enumerated deficiencies in this case within thirty days. Specifically, the Warners were advised that each Plaintiff must sign the Complaint and submit a signed and notarized § 1915 Motion and Affidavit. The Warners complied with the notice to cure on June 28, 2011, and have been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiffs filed a Motion for Imediate [sic] Intervention on July 8, 2011 (Doc. No. 16).

The Court must construe the Warners' pleadings liberally because they are not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be

read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiffs' failure to cite proper legal authority, their confusion of various legal theories, their poor syntax and sentence construction, or their unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons discussed below, the Complaint will be dismissed for lack of jurisdiction.

The following alleged facts can be discerned from Plaintiffs' pleadings. The Warners entered into a loan modification agreement with Defendant Citi Mortgage, Inc., in 2009. Defendant Citi Mortgage misrepresented to Defendant Fannie Mae the amount of Plaintiffs' monthly income in support of the loan modification agreement. The Warners subsequently defaulted on the loan. At some point, the loan was transferred to Defendant Nationstar Mortgage LLC, and that lender initiated foreclosure proceedings against Plaintiffs in El Paso County District Court Case No. 11cv2823. The state court entered an order authorizing sale on May 17, 2011, and sale of the real property by Public Trustee, pursuant to Colo. R. Civ. P. 120, was scheduled for June 28 or 29, 2011. Plaintiffs allege in their Motion for Immediate Intervention that the sale has been rescheduled for July 28, 2011. The Warners ask this Court to enjoin the state foreclosure proceeding, and to award them compensatory damages.

Under the Anti-Injunction Act, this Court does not have jurisdiction to enjoin the ongoing state court foreclosure proceeding. Congress has provided that "[a] court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its

jurisdiction, or to protect or effectuate its judgments." 22 U.S.C. § 2283. This prohibition against enjoining "proceedings in a State Court" applies to foreclosure proceedings. *See, e.g., Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 131-32 (5th Cir. 1990); *Ungar v. Mandell*, 471 F.2d 1163, 1165 (2d Cir. 1972); *First Nat'l Bank & Trust Co. of Racine v. Village of Skokie*, 173 F.2d 1, 4-5 (7th Cir. 1949). The Warners have not invoked one of the statutory exceptions to this prohibition.

Moreover, even if an exception to the statute applied, concerns of comity dictate that this Court refuse to exercise its jurisdiction. *See Younger v. Harris,* 401 U.S. 37 (1971). Pursuant to the *Younger* abstention doctrine, the Court must abstain from exercising jurisdiction if the following conditions are met:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001); *see also D.L. v. Unified School Dist. No.*, 497, 392 F.3d 1223, 1227-28 (10th Cir. 2004).

In this case, Plaintiffs are seeking to enjoin an ongoing state foreclosure proceeding in El Past County District Court Civil Action No. 11cv2823. Plaintiffs can defend this action in state court and have not demonstrated that the state appellate process will not provide an adequate forum for their claims. Moreover, the state proceedings involve important state interests, in that actions that challenge proceedings pursuant to Rule 120 of the Colorado Rule of Civil Procedure are matters governed by

state law and are traditionally resolved in state courts. Furthermore, although the Warners cite "other federal statutes" as a basis for invoking the jurisdiction of this Court, they do not identify those statutes or allege facts in their Complaint that would alert the Court to a basis upon which this federal suit may proceed independently without interfering with the state court foreclosure action.[1] Accordingly, it is

ORDERED that Plaintiffs' Motion for Imediate [sic] Intervention, filed on July 8, 2011 (Doc. No. 16), is DENIED. It is

FURTHER ORDERED that the Complaint and this action are dismissed without prejudice for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this 12th day of July, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

---

[1] The Court notes that because no final judgment had entered in the state district court proceeding at the time the Warners filed their Complaint, the jurisdictional bar of *Rooker-Feldman* does not apply. See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); see also Colo. R. Civ. P. 120(g) (authorizing state district court to enter final order approving sale of property).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01547-BNB

Thomas A Warner and
Paula E Warner
5559 Country Heights Crt
Colorado Springs, CO 80917

   I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on July 12, 2011.

                                        GREGORY C. LANGHAM, CLERK

                                   By: _____
                                             Deputy Clerk